## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.W.

No. 16-1172 (Nicholas County 16-JA-22)

FILED

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother F.W., by counsel John C. Anderson II, appeals the Circuit Court of Nicholas County's November 2, 2016, order terminating her parental rights to nine-month-old A.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Julia R. Callaghan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that her drug abuse affected her ability to appropriately care for a previously born child. This earlier child was experiencing symptoms of withdrawal upon his birth. While petitioner successfully completed an improvement period, she ultimately voluntarily relinquished her parental rights to this child.

On February 26, 2016, petitioner gave birth to A.W. The DHHR filed a petition for abuse and neglect based upon the prior relinquishment of her parental rights. During the ensuing investigation, petitioner acknowledged the prior proceedings and admitted that she was "addicted to drugs to the extent that her parenting skills [were] impaired to a degree that pose[d] an imminent risk[.]" Several months later, the circuit court held an adjudicatory hearing during which petitioner admitted to the allegations of abuse and neglect as alleged in the petition. Accordingly, the circuit court granted petitioner an improvement period. The terms and conditions of the improvement period required petitioner to remain drug and alcohol free, to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

submit to random drug screens, to attend parenting and adult life skills classes, and to undergo a psychological evaluation.

In July of 2016, the circuit court held a review hearing. In August of 2016, petitioner was evaluated in the office of Dr. Timothy Saar, a licensed psychologist. In the resulting psychological report, petitioner's prognosis was listed as "extremely poor to non-existent." The following month, the circuit court held a dispositional hearing during which it heard testimony from multiple witnesses. According to a DHHR worker, approximately two weeks after petitioner was granted an improvement period, she overdosed and had to be resuscitated, while the child was in her care. The worker further testified that petitioner enrolled in a substance abuse treatment program, but relapsed on heroin on June 16, 2016; that she provided two diluted drug screens since her overdose; that she produced a preliminary positive drug test for benzodiazepine; and that she failed to remedy her drug problem from the prior proceedings. Additionally, the circuit court heard evidence from Dr. Beverly Branson, a licensed psychologist that petitioner's ability to parent or improve her ability to parent was "extremely poor to non-existent." Dr. Branson also noted that petitioner overdosed and relapsed during the current proceedings, and has failed to address her substance abuse which was present during the prior proceedings.

Petitioner testified at the dispositional hearing that she used heroin during her drug treatment plan and she failed to inform the DHHR or Dr. Branson of the relapse. Petitioner also admitted that she did not comply with the other terms of her improvement period. By order entered November 2, 2016, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the issues of abuse and neglect in the near future and terminated her parental rights.[2] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to the guardian, as of the filing of her response brief, the child's non-offending father was granted full care, custody, and control of A.W. with a permanency plan to remain in his care.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to A.W. based on her drug use. We strongly disagree. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Under West Virginia Code § 49-4-604(c)(3), "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In this case, the evidence clearly supported the circuit courts finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. During the dispositional hearing, the circuit court heard evidence that while petitioner successfully completed an improvement period in a prior abuse and neglect proceeding involve drug abuse, she continued to use drugs in the current proceedings. The circuit court also heard testimony that approximately two weeks after petitioner was granted an improvement period in this case, she overdosed on drugs and had to be resuscitated, while the child was in her care. The circuit court also heard testimony that while petitioner enrolled in a substance abuse treatment program, she relapsed on heroin on June 16, 2016; that she provided two diluted drug screens since her overdose; and that she produced a preliminary positive drug test for benzodiazepine. Furthermore, it is undisputed that petitioner admitted that she did not comply with the terms and conditions of her improvement period. For these reasons, the circuit court was required to terminate petitioner's parental rights upon these findings pursuant to West Virginia Code § 49-4-604(a)(6).

For the foregoing reasons, we hereby affirm the circuit court's November 2, 2016, order.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker